IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal L. Cox, | ) |
|     Plaintiff, | ) CIV 13-00962 PHX MEA |
| v. | ) ORDER |
| Bob Parsons Godaddy, Godaddy Incorporated, Peter L. Michaelson, World Intellectual Property Organization, Francis Gurry, Eric Wilbers, Edward Kwakwa, Kashmir Hill, Forbes Inc., Kevin D. Padrick, David S. Aman, Steven Wilker, Tonkon Torp Law Firm, Randazza Legal Group, Marc J. Randazza, David Coursey, Bob Garfield, New York Public Radio, David Carr, New York Times, Tracy L. Coenen, Sequence Incorporated, Mulvihill and Rushie LLC, Jordan Rushie, Jason M. Jones, Multnomah County Sheriff Office Daniel Staton, Marshall Ross, Roxanne Grimage, Gloria Navarro Stephen Lamont, Proskauer Rose, Kenneth Rubenstein, Douglas Melamed, Steven R. Rodgers, Warner Bros, Ronald Green, | ) |
|     Defendants. | ) |

    Plaintiff, proceeding *pro se,* filed a complaint in this Court on May 8, 2013.  Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. 2) and a motion to file electronically (Doc. 4).

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The Court may exercise its discretion to dismiss an action pursuant to section 1915(d) if it is "frivolous or malicious," i.e., the claims have no arguable basis in law and fact. See, e.g., Mayfield v. Collins, 918 F.2d 560, 561 (5th Cir. 1990). Under the liberal rules applicable to *pro se* complaints, an action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of her claim. See Van Sickle v. Holloway, 791 F.2d 1431, 1434 (10th Cir. 1988); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981). Even *pro se* pleadings must contain a minimum level of factual support and a plaintiff should not be allowed to proceed *in forma pauperis* if her complaint is so lacking in specific facts the Court must invent a factual scenarios not evident from the face of the complaint. See Richmond v. Cagle, 920 F. Supp. 955, 957 (E.D. Wis. 1996).

To state a cognizable claim against the named defendant, a plaintiff must allege a specific injury resulting from specific conduct of a defendant amenable to suit. Cf. Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995) (so holding

-2-

in the context of a civil rights claim).  A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1965 (2007).  To properly state a claim for relief, the factual allegations of a complaint must be enough to raise a right to relief above the level of speculation, i.e., the facts must state a legal claim to relief that is plausible from the facts asserted.  Id., 550 U.S. at 556-57, 127 S. Ct. at 196-66.

To state a section 1983 claim, the plaintiff must allege facts showing a "person," acting under color of state law, deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution.  See, e.g., West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254 (1988); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

The civil cover sheet docketed with the complaint indicates Plaintiff is a resident of Washington.  Plaintiff asserts the basis for federal court jurisdiction is diversity of the parties and the amount in controversy.  Plaintiff states she is prosecuting a cause of action for civil conspiracy, fraud and racketeering.  Plaintiff's complaint is 153 pages in length, is not presented in numbered paragraph form, and does not clearly state what acts of what defendants are alleged to give rise to her claims.  Plaintiff appears to allege a cause of action, *inter alia*, pursuant to section 1983, however, none of the named Defendants are patently those acting under color of state law.

-3-

The substance of the complaint includes cut and pasted portions of emails and attached to the complaint is a list of numerous exhibits.

The district courts have no obligation to act as counsel to *pro se* litigants. See <u>Pliler v. Ford</u>, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131 (9th Cir. 2000). However, dismissal of a *pro se* complaint without leave to amend is disfavored. Accordingly, Plaintiff shall have the opportunity to amend her complaint to make clear her specific allegations against each separate defendant in short, plain statements. *In the amended complaint, to assert a section 1983 claim Plaintiff must clearly state the source of the rights she believes were violated and a defendant amenable to a section 1983 suit*. Any amended complaint must conform to the requirements of Rule 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

Because the complaint does not properly state a claim for relief over which the federal Arizona District Court has jurisdiction, regardless of whether Plaintiff has met the standard for proceeding *in forma pauperis*, the Court is within its discretion in denying her *in forma pauperis* status and dismissing the complaint without prejudice. See <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 617 (9th Cir. 1990); <u>Bennett v. State of Calif.</u>, 406 F.2d 36, 39 (9th Cir. 1969); <u>Wiggins v. New Mexico State Supreme Court Clerk</u>, 664 F.2d 812, 816 (10th Cir. 1981); <u>Spencer v. Doe</u>, 139 F.3d 107, 111 (2d Cir. 1998).

-4-

**THEREFORE, it is ordered** that Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 2) and her motion for leave to file electronically (Doc. 4) are both **denied without prejudice**, and the Clerk of the Court is hereby ordered to **dismiss** the Complaint **without prejudice**.  Plaintiff shall have thirty days from the date this order is docketed to file an amended complaint in the appropriate form stating a legitimate claim for relief and a legitimate basis for federal court jurisdiction and venue in the United States District Court for the District of Arizona.  If Plaintiff does not file an amended complaint within thirty days of the date this order is docketed this matter will be dismissed without further warning by the Court.

DATED this 16th day of May, 2013.

_____
Mark E. Aspey
United States Magistrate Judge