

Pro Se Plaintiff
Crystal L. Cox
**(406) 624-9510**
PO Box 2027
Port Townsend, WA 98368

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Crystal L. Cox, )

CV-13-00962-PHX-MEA

v.

Amended Complaint

Defendants

Serve:

**Defendant Randazza Legal Group**
Marc J. Randazza Arizona Attorney
Hutchens Law
P.O. Box 597
Phoenix, Arizona 85001

**Defendant Bob Parsons Godaddy**
14455 N Hayden Rd #219
Scottsdale, AZ 85260

**Defendant Godaddy Inc.**
14455 N Hayden Rd #219
Scottsdale, AZ 85260

**Defendant Jessica Griffith**
Scottsdale Arizona

**Defendant Michael Whiteacre aKa Ari Bass**
Scottsdale, AZ 85260

THIS DOCUMENT IS **NOT** IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT

REFERENCE  *LRCiVP 5.4*
(Rule Number/Section)

1

**Defendant Greenberg Traurig Arizona**
2375 E Camelback Rd #700
Phoenix, AZ

**Defendant WIPO, Peter L. Michaelson personally and professionally**
590 Madison Ave.
18th Floor
New York, New York 10022
And
15 Holly Tree Lane, Suite E
Rumson, New Jersey 07760-1950

**Defendant Kashmir Hill, personally and professionally,**
250 Montgomery Street, Suite 800
San Francisco, CA 94104

**Defendant WIPO, World Intellectual Property Organization**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Francis Gurry WIPO, personally and professionally**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Eric Wilbers WIPO, personally and professionally**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Tracy L. Coenen, personally and professionally**
111 East Wisconsin Avenue, Suite 1230
Milwaukee, WI 53202
414.727.2361 Phone

**Defendant Sequence Inc.**
111 East Wisconsin Avenue, Suite 1230
Milwaukee, WI 53202

**Defendant David Carr, personally and professionally**
The New York Times
620 Eighth Avenue
New York, NY 10018

**Defendant New York Times**
620 Eighth Avenue
New York, NY 10018

**Defendant Edward Kwakwa WIPO, personally and professionally**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Forbes Inc.,**
60 5thAvenue
New York, NY 10011
Phone: 212-620-2200
AND
West Coast Office:
250 Montgomery Street, Suite 800
San Francisco, CA 94104
Phone: 415 544 4800

**Defendant Kevin D. Padrick, personally and professionally**
Obsidian Finance Group, LLC
5 Centerpointe Dr.
Suite 590
Lake Oswego, Oregon 97035
Office: 503-245-8800

**Defendant David S. Aman, personally and professionally**
1600 Pioneer Tower

888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant Steven Wilker, personally and professionally**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant Tonkon Torp Law Firm,**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant David Coursey, personally and professionally**
**Forbes Contributor**
**1528 Tamarisk Lane**
**Tracy, CA, 95377-8273**

**Defendant Bob Garfield, personally and professionally**
160 Varick St.
New York, NY 10013

**New York Public Radio**
160 Varick St.
New York, NY 10013
AND
New York Public Radio, On the Media,
wNYC, New York Public Radio
160 Varick St.
New York, NY 10013

**Defendant Mulvihill and Rushie LLC**
2424 E York St #316
Philadelphia, PA 19125

**Defendant Jordan Rushie, personally and professionally**

Mulvihill and Rushie LLC
2424 E York St #316
Philadelphia, PA 19125

**Defendant Jason M. Jones, personally and professionally**

The Salty Droid Blog
47 West Polk Street
Suite 100-293
Chicago, IL 60605-2085

**Defendant Multnomah County Sheriff Office**

501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Daniel Staton, Sheriff**

501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Marshall Ross, Senior Deputy, personally and professionally**

501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Roxanne Grinage, personally and professionally**

PO Box 22225
Philadelphia PA 19136

**Defendant Judge Gloria Navarro,**

Las Vegas Courts
333 Las Vegas Blvd. S.
Room 3071
Las Vegas , NV  89101

**Defendant Stephen Lamont**

P. Stephen Lamont
175 King Street
Armonk, N.Y. 10504

**Defendant Kenneth Rubenstein**
**Defendant Gregg Mashberg**
**Defendant Joseph Lecesse**
**Defendant Jenifer DeWolf Paine**
Eleven Times Square
(Eighth Avenue & 41st Street)
New York, NY 10036-8299

**Defendant Douglas Melamed, Intel**
2200 Mission College Blvd.
Santa Clara, CA 95054-1549

**Defendant Steven R. Rodgers Intel**
2200 Mission College Blvd.
Santa Clara, CA 95054-1549

**Defendant Warner Bros.**
4000 Warner Blvd
Burbank, CA 91522

**Defendant Bob Parsons Godaddy**
14455 N Hayden Rd #219
Scottsdale, AZ 85260

**Defendant Godaddy Inc.**
14455 N Hayden Rd #219
Scottsdale, AZ 85260

**Defendant Jessica Griffith**
Scottsdale Arizona

**Defendant Michael Whiteacre aKa Ari Bass**
Scottsdale, AZ 85260

**Defendant Ronald D. Green**
6525 W. Warm Springs Rd, Ste100
Las Vegas, NV 89118

**Defendant J. Malcom DeVoy**

6525 W. Warm Springs Rd, Ste100

Las Vegas, NV 89118

**Defendant Sean M. Tompkins**

San Antonio, TX 78023

**Defendant Manwin**

2300 West Empire Avenue, 7th Floor

Burbank, CA 91504

**Defendant Mark Bennett,** personally and professionally

735 Oxford Street,

Houston, Texas 77007

**Defendant Bennett and Bennett Law Firm**

735 Oxford Street,

Houston, Texas 77007

**Defendant Scott H. Greenfield**

1040 Avenue of the Americas

New York, NY 10018

**Defendant Eric Turkewitz**, personally and professionally

228 E 45th St

New York, NY 10017

**Defendant Turkewitz Law Firm**

228 E 45th St

New York, NY 10017

**Defendant Ellie Mystal**

611 Broadway

New York, NY 10012

**Defendant Breaking Media, Inc.**

611 Broadway

New York, NY 10012

**Defendant Sean Boushie**, personally and professionally,
 570 Grandview Drive
Stevensville, MT 59870

**Defendant University of Montana**
32 Campus Dr
Missoula, Montana 59812

**Defendant Martin Cain,** personally and professionally
Salisbury, Maryland 21801-6129

**Defendant Dylan Energy**
510 W College Ave
Salisbury, Maryland 21801-6129

**Defendant Steve Dowling**
California
APPLE

**Defendant Bruce Sewell**
California
APPLE

**Douglas D. Chey**, personally and professionally California
830 17th St
Santa Monica, CA

**Defendant Mark Vena**, personally and professionally,
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant David Wang**, personally and professionally,
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant Synaptics**
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant Marc J. Randazza, personally and professionally**

6525 W. Warm Springs Road
Suite Number 100
Las Vegas, NV 89118


**Defendant Free Speech Coalition**

P.O. Box 10480
Canoga Park, CA 91309

**Defendant Diana Duke,** Personally and Professionally,
**Defendant Free Speech Coalition**

P.O. Box 10480
Canoga Park, CA 91309


Judge Marco Hernandez
Portland Oregon

**1-500 John and Jane Doe Defendant(s)**

Plaintiff Crystal Cox Re-Alleges all paragraphs and factual allegations from original complaint, if this court deems such not proper, then Plaintiff Crystal Cox asks this court to deem original complaint as a Declaration or a Memorandum to this complaint, so as to include all factual and general allegations.

**Nature of this Lawsuit is Defamation / Libel / Slander** leading to severe injury to Plaintiff and involving Civil Conspiracy, Malpractice, Duty of Care Violations, Negligence Tort, 18 USC § 1512 - Tampering with a witness, victim, or an informant,  Tortious Interference with Business, and has violated Anti-Trust Laws in the suppression of competing online media.


## **Cause of Action**


1.)   Defamation - 28:1332 Diversity - Libel, Assault, Slander

2.)   Malpractice, Personal Injury Due to Malpractice.    22 USC § 2702 - Malpractice Protection, 10 USC § 1054 - Defense of certain suits arising   out of Legal Malpractice

4.)   Civil Conspiracy. 42 USC § 1985 - Conspiracy to interfere with Civil Rights, Title 18, U.S.C., Title 18, U.S.C., Section 241 Conspiracy Against Rights, Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law,

5.) Duty of Care; Breach of Duty, Negligence Tort, Professional Negligence

6.) 18 USC § 1512 - Tampering with a witness, victim, or an informant

7.)   Tortious Interference with Business,   Violation of Civil Rights (42 USC §1983 Cases)

8.)   Anti-Trust Laws, Competition Laws, the Sherman Act, Clayton Act,
Antitrust Procedures and Penalties Act ("APPA" or "Tunney Act")

9.)   18:1964, Racketeering (RICO) Act / 27:1332ri, Racketeering / Corrupt Organization

**Notice:**  This case has merit, this case has actual damage caused by Defendants against Plaintiff. Plaintiff asks this court to not simply dismiss based on her Pro Se Status, and if amended complaint is still not clear to court, Plaintiff Requests this court to appoint Plaintiff Counsel under U.S.C. Code. Plaintiff's Civil and Constitutional rights have clearly been violated by Defendants.

For Plaintiffs complaint against Defendants, Plaintiff Crystal Cox Alleges as Follows: Upon Knowledge and Belief of Pro Se Plaintiff Crystal L. Cox.

## I.  INTRODUCTION

1.  **Defendant Marc J. Randazza** Specifically Injured Plaintiff by first being Plaintiff's counsel, then taking private, personal information of his former client and using against his former client to ruin her business, her life, retaliate against her and to defame her in civil conspiracy with other named defendants.

Upon Knowledge and Belief, Defendant Marc J. Randazza is guilty of Malpractice, Defamation, Civil Conspiracy, Negligence, Breach of Duty, and has caused Plaintiff injury, harm; In which Plaintiff is entitled to relief.

Upon Knowledge and Belief,  Defendant Arizona Attorney Marc J. Randazza knowingly lied to judges, WIPO, media and more regarding having a Trademark on Randazza Legal Group and on the name Marc J. Randazza, yet Defendant WIPO, Defendant Judge Gloria Navarro, Defendant Godaddy Inc., and other Defendants simply took massive online media and intellection property from Plaintiff Crystal Cox. This involved Godaddy, and Arizona Company and Arizona Lawyer Defendant Marc J. Randazza.

Defendant Marc J. Randazza conspired to harm Plaintiff, acting with Defendant David Aman and

Defendant Kevin Padrick in the court case Obsidian v. Cox to sabotage the Ninth Circuit appeal of that case and to use privileged information and parts of emails to entrap, defame and commit specific injury to Plaintiff Crystal Cox.

Defendant Marc J. Randazza has conspired to harm and threatened Cox with Defendant Ari Bass, Defendant Sean Tompkins, Defendant Free Speech Coalition, Defendant Greenberg Traurig, and other Defendants.

Defendant Marc J. Randazza has lied to federal judges and in WIPO complaints and has caused the specific harm of loss of massive online media, intellectual property, domain names and business of Plaintiff. The District of Arizona should take serious interest in this matter as Godaddy, an Arizona corporation has aided and abetted the actions of Arizona attorney Defendant Marc J. Randazza in violating the rights of Plaintiff. These actions have caused Plaintiff massive stress, targeted her as to receiving massive online hate, ruined her online business, wiped out years of content and online media, put her in danger, and has painted a world wide picture of Plaintiff in the media which is NOT trueful.

Defendant Marc J. Randazza must be stopped from abusing his power as an attorney and destroying the lives of whomever he chooses with total disregard for the law.

**2.** Upon Knowledge and Belief, Defendant Greenberg Traurig was involved in the iViewit technology theft. Marc J. Randazza controls attorney Ronald Green of Randazza legal group, and upon knowledge and belief hired Ronald Green in conspiracy with Greenberg Traurig to directly sabotage iViewit founder Eliot Bernstein and Plaintiff Crystal Cox and thereby suppress the story of the biggest technology theft in the world.  Defendant Randazza sued both Cox and Bernstein in order to steal, shut down online media in which exposed Greenberg Traurig's role in the theft of the iViewit Video technology.  Defendant Greenberg Traurig conspired with Marc Randazza and Defendant Randazza Legal Group in a way that directly brought harm to Plaintiff Crystal Cox.

3.  Defendant Bob Parsons Godaddy, Defendant Jessica Griffith, Defendant GoDaddy Inc. caused the specific injury of loss of online media, loss of business, loss of income, loss of intellectual property, and acted in civil conspiracy upon the stated word of Defendant Marc Randazza and Defendant Ronald Green.

4. Defendant Free Speech Coalition, Defendant Diana Duke have conspired with Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins to threaten, defame, gang stalk, launch hate campaigns to suppress the online media of Plaintiff and her sources Diana Grandmason aKa Desi Foxx, Monica Foster aKa Alexandria Melody.

5.  Defendant David Wang, Defendant Synaptics were part of a company called Silicon Graphics, in which was involved in the iViewit Technology theft.  Defendant Mark Vena is

connected to Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins, Defendant J. Malcom DeVoy and Defendant Randazza Legal Group. Both connections to iViewit and to Porn Industry attorneys, prostitution rings, porn moves through vivid and other connections have motivated Defendant David Wang, Defendant Synaptics, Defendant Mark Vena to conspire with Plaintiffs to intimidate Plaintiff Crystal Cox, threaten her sources, defame her, ruin her reputation and interfere with her business.

6. Upon Knowledge and Belief,  Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins have conspired to harm and defame Plaintiff and have upon knowledge and belief threatened Plaintiffs sources, and hacked into their emails.

7.  Defendant WIPO, Peter L. Michaelson, have conspired with Defendant Randazza and other Defendants to steal intellectual property, destroy massive online content, delete websites and defame Plaintiff Cox in worldwide publications.

8.  Defendant Kashmir Hill, Defendant Forbes Inc., along with Defendant Kevin Padrick, knowingly stated false statements to a third party regarding Cox and specifically injured Plaintiff Crystal Cox.

9.  Defendant WIPO, World Intellectual Property Organization, Defendant Francis Gurry, Defendant Eric Wilbers, Defendant Edward Kwakwa, Defendant Steven R. Rodgers Intel conspired with Defendant Michaelson and Defendant Randazza to cause specific injury to Plaintiff Cox, such as defamation, loss of business, reputation damage, negligence..

10.  Douglas D. Chey of Hewlett Packard, formerly of SONY, conspired with Defendants to defame Plaintiff Cox and to spread false information regarding the iViewit Technology that was stolen, in part by Doug Chey and the MovieLink, MovieFly Project. Defendant Doug Chey, upon knowledge and belief has conspired with defendants to discredit the iViewit technology theft story in whatever means necessary.

11. Defendant Tracy L. Coenen, Defendant Sequence Inc. has posted false and defamatory information regarding Plaintiff, in conjunction with other Defendants. This has caused specific injury to Plaintiff Cox.

12.   Defendant Bruce Sewell, Defendant Steve Dowling, have conspired with Defendant Defendant Roxanne Grinage and Defendant Marc Randazza to discredit the iViewit Technology theft story.

13. Upon Knowledge and Belief,  Defendant David Carr, Defendant New York Times has posted false and defamatory information regarding Plaintiff, in conjunction with other Defendants. This has caused specific injury to Plaintiff Cox.

14. Upon Knowledge and Belief, Defendant Martin Cain, Defendant Dylan Energy has conspired



with Defendant Marc Randazza to defame, threaten and intimidate Plaintiff Cox. Defendant Martin Cain, Defendant Dylan Energy has falsified information to government agencies and has tortoriously interferred with Plaintiff's ability to do business, with Plaintiff's Clients and has stated false and defamatory information to private parties and government entities regarding Plaintiff Crystal Cox. Defendant Martin Cain, Defendant Dylan Energy has caused Plaintiff Cox damage in Which Cox is entitled to relief.

15. Defendant Kevin D. Padrick, in connection with Defendant Kashmir Hill, Defendant Forbes Inc., and Defendant David S. Aman has falsely stated that Cox was under investigation by the Oregon Attorney General and has Painted Cox in false light and is liable for the specific damage caused to Cox.

16.   Defendant Sean Boushie, Defendant University of Montana has conspired with  Defendant Kevin D. Padrick, Defendant David S. Aman, Defendant Tonkon Torp, Defendant Marc J. Randazza and other defendants to defame Plaintiff and to threaten her, intimidate her, make false statements to a third party regarding Cox and has caused Plaintiff Cox injury.

17.   Defendant Judge Marco Hernandez conspired with Defendant Kevin D. Padrick, Defendant David S. Aman, Defendant Tonkon Torp, Defendant Marc J. Randazza in stating false information to a third party concerning Cox and painting a picture, flat out stating that Plaintiff Cox was guilty of the crime of extortion, in which Plaintiff Cox was not on trial for nor under investigation for. Defendants have caused specific harm and are liable for the injury they have caused Plaintiff Cox.

18. Upon Knowledge and Belief, Defendant Steven Wilker,  Defendant Tonkon Torp Law Firm, Defendant Kevin D. Padrick, Defendant David S. Aman have worked in conjunction with Defendant Multnomah County Sheriff Office, Defendant Marshall Ross, and Defendant Daniel Staton to steal the right to appeal from Plaintiff Crystal Cox, as an asset.

19.   Defendant Mark Bennett, Defendant Bennett and Bennett Law Firm, Defendant Scott H. Greenfield, Defendant Eric Turkewitz, Defendant Turkewitz Law Firm, Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC, Defendant David Coursey,  Defendant Bob Garfield, New York Public Radio, Defendant Ellie Mystal, Defendant Breaking Media, Inc. have acted in conspiracy to Paint Plaintiff in false light and are part of an online hate campaign to defame Plaintiff and create the Illusion that Plaintiff Cox was on trial for the crime of extortion and convicted of such, which is not true and has caused massive injury to Plaintiff, in which Plaintiff is entitled to relief.

20.   Defendant Proskauer Rose, Defendant Kenneth Rubenstein, Defendant Gregg Mashberg Defendant Joseph Lecesse, Defendant Jenifer DeWolf Paine,

21. Defendant Jason M. Jones has conspired with other other Defendants to Defame Cox, and has emailed, intimidated Plaintiff Cox and threatened he would take action against her if she did

not stand down on her Ninth Circuit Appeal of Obsidian v. Cox.

22.  Defendant Judge Gloria Navarro has acted in conspiracy with Defendant Greenberg Traurig, Randazza Legal Group, Defendant Marc Randazza, Defendant Ronald Green in order to wipe out massive online content, steal domain names, remove search engine results and allow Randazza to lie about trademarks he does not have and without First Amendment Adjudication, wipe out massive intellectual property owned, created by Plaintiff. This has caused Plaintiff Injury and Plaintiff is allowed relief. Defendant Judge Gloria Navarro has accused Plaintiff Cox of being guilty of criminal activity in which Plaintiff Cox was in a civil litigation and not criminal and was denied all rights to due process by Defendant Judge Gloria Navarro.

23.  Upon Knowledge and Belief,  Defendant Stephen Lamont has conspired with Defendant Sean Boushie and other defendants to incite hate against Plaintiff Cox, spread false and defamatory statements and has caused Plaintiff Injury.

24.  Defendant Manwin  has conspired with Defendant Randazza Legal Group, Marc J. Randazza, Godaddy and other Defendants to use the courts to create a precedence to steal domain names in mass. As Manwin also has seized domain names with the same exact wordingas Randazza Legal Group and working in conjunction with Randazza Legal Group, and all without First Amendment Adjudication.


## II. JURISDICTION AND VENUE


25.      Plaintiff alleges that Arizona Corporations Godaddy Inc., Greenberg Traurig, and Randazza Legal Group caused Plaintiff injury and therefore Arizona jurisdictions applies to these companies doing business specifically in Arizona In which caused Plaintiff harm.

Plaintiff alleges that Arizona residents Bob Parsons, Jessica Griffin and Michael Whiteacre have conspired with Randazza Legal Group, Arizona Licensed Attorney Marc J. Randazza and other conspirators to cause specific injury to Plaintiff and therefore Arizona has jurisdiction over the actions of these Arizona Residents, Companies, Attorneys and Law Firms.

Plaintiff alleges that Arizona Law Firms, Attorneys, Individuals and corporation have caused Plaintiff harm and therefore the District of Arizona is proper venue for this matter in regard to the actions of these defendants.

Defendants have violated the Civil and Constitutional Rights of Plaintiff and many reside in or do business in the State of Arizona.

Arizona Law Firms, Attorneys, Individuals and Corporations acting under Arizona law have caused specific injury to Plaintiff and therefore under the jurisdiction of the State of Arizona.

This Court has subject-matter jurisdiction of this cause because this civil action arises under Civil Rights Violation under U.S Code, Defamation - 28:1332 Diversity-Libel,Assault,Slander, Malpractice, Negligence Tort, 18 USC § 1512 - Tampering with a witness, victim, or an informant, the First Amendment of the U.S Constitution,   Tortious Interference with Business, and U.S Anti-Trust Laws.

Arizona Law Firms, Attorneys, Individuals and Corporations acting under Arizona law have specifically targeted Plaintiff and are acting under Arizona law, therefore this court is proper.

All Domain Name Disputes, legal actions and issues in this case stem from Arizona Law as Godaddy is the Domain Name Registrar and is based in the State of Arizona. Arizona has jurisdiction over Godaddy Inc.

### III. The Parties

Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

27.  Plaintiff Crystal L. Cox is an Investigative Blogger, Author, Real Estate Broker, Internet Marketing Expert who is a Resident of **Washington State**, and does weekly business with Godaddy in the State of Arizona and has for approx. 7 years.

Defendant Godaddy Inc. Is an Arizona corporation

Defendant Randazza Legal Group is an Arizona Company, Law Firm

Defendant Michael Whiteacre aKa is a Arizona Resident, and either active or suspended Arizona Attorney.

Defendant Randazza Legal Group operates in the State of Arizona, believed to be in conjunction with Hutchins Law.

Plaintiff alleges that Arizona Corporations Godaddy Inc., Greenberg Traurig, and Randazza Legal Group caused Plaintiff injury and therefore Arizona jurisdictions applies to these companies doing business specifically in Arizona In which caused Plaintiff harm.

Plaintiff alleges that Arizona residents Bob Parsons, Jessica Griffin and Michael Whiteacre have



conspired with Randazza Legal Group, Arizona Licensed Attorney Marc J. Randazza and other conspirators to cause specific injury to Plaintiff and therefore Arizona has jurisdiction over the actions of these Arizona Residents, Companies, Attorneys and Law Firms.

## Cause of Action 1.)  Defamation - 28:1332 Diversity - Libel, Assault, Slander

28.  Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

Defendants have published the false and defamatory statements as alleged above to third parties on an internet website, in a WIPO publication, on radio, on blogs, and they have gone "viral". And have caused specific injury to Plaintiff.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill published a communication to the public, in a national publication, which contained statements that make a claim, expressly stated or implied to be factual.

Defendant Forbes Inc., Defendant Kashmir Hill published false and defamatory statements in which gave the public at large, as well as potential customers and clients of Plaintiff Crystal Cox a negative or inferior image of Plaintiff Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill published false, misleading and defamatory statements against Plaintiff Crystal Cox which has led to irreparable damage to Plaintiff Crystal Cox.

29.  Defendant Forbes Inc., Defendant Kashmir Hill had a "Duty of Care", a Professional Duty, and is experienced in legal matters as a paralegal and a previous law blogger,  to review all available information regarding the posting of the defamatory article and the privileged communication between attorneys ( Cox was acting in her Pro Se Capacity) in a legal case ( Obsidian Finance Group v. Crystal L. Cox). Defendant Kashmir Hill had access and knowledge of how to use Pacer, had access to case transcripts, could have contacted Plaintiff Crystal Cox for more information regarding eMails, and Defendant Kashmir Hill was negligent in simply posting the defamatory statements of Defendant Kevin Padrick to her, allegedly in a phone call interview, and following eMail in which contained a piece of one of five emails, in which painted Plaintiff Cox  in serious False Light, Defamed Plaintiff and over the last 17 months has been re-published in thousands of publications, and has cause massive hate, retaliation, legal action, threats and irreparable harm to Plaintiff Crystal Cox.

Civil Evidence Act 1968, Defendant Forbes Inc., Defendant Kashmir Hill alleged criminal acts committed by Plaintiff Cox, of which Plaintiff Cox had not been convicted of nor under investigation of.

Regarding Times v. Sullivan; Though Plaintiff Cox was a public figure at the time and remains to be, I Defendant Forbes Inc., Defendant Kashmir Hill had a duty, an obligation to verify information in which alleged, stated, or led readers, the public at large and potential customers and clients to believe that Plaintiff Cox was Guilty of the Crime of Extortion.

It would have been simple for a reporter, especially one with a strong background in legal commentary and blogger and one that is a paralegal experienced in which collar crime, to verify if what Defendant Kevin Padrick alleged to Defendant Forbes Inc., Defendant Kashmir Hill about Plaintiff Crystal Cox was fact or if it was simply a retaliatory act by a disgruntled litigant, who is an attorney.

30.  Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill made the life and quality of life of blogger Crystal Cox the collateral damage in protecting the rights of journalist over the rights of bloggers.

Defendant Forbes Inc., Defendant Kashmir Hill flat out lied, and knowingly posted false and defamatory statements without any fact checking whatsoever, upon the knowledge and belief of Plaintiff Crystal Cox.

The false and defamatory statements that Defendant Forbes Inc., Defendant Kashmir Hill published, have been consistently re-published, globally for over 17 months and have been picked up by thousands of other publications.

Forbes is a household name, people take what Forbes says as FACT. Therefore, Defendant Forbes Inc., Defendant Kashmir Hill has an even greater degree to be responsible and duty of care in their reporting.

Defendant Forbes Inc., Defendant Kashmir Hill has no lawful right to publish statements that lead the public at large to believe that Plaintiff Crystal Cox was guilty of the crime of extortion.

## Claim for Defamation Requirement Legal Qualifications
## Elements of Claim of Defamation

31.   The elements of a claim of defamation are (1) a false or defamatory statement by defendant concerning the plaintiff (2) publication to a third party (3) amounting to at least negligence, and (4) damages

Defendant Kashmir Hill, Defendant Forbes Inc. published false and defamatory statements concerning Plaintiff Cox.  Defendant Kashmir Hill, Defendant Forbes Inc. published these false and defamatory statements to a third party. Defendant Kashmir Hill, Defendant Forbes Inc. published false and defamatory statements with seriously negligent, as Defendant Kashmir Hill did not research facts, did not contact Plaintiff Cox for her side, did not read court transcripts, nor did Defendant Kashmir Hill contact the Oregon Attorney General in regard to allegations of an investigation requested of Plaintiff Cox. Defendant Kashmir Hill is a paralegal, and is experienced in white collar crime, as well as, is an experienced legal commentary blogger, and has an even higher sense of duty in performing diligence and fact checking before ruining the life and business of Plaintiff Cox, with total disregard for the Truth.

Published is defined in law by each time a viewer reads the post, therefore, the publishing is on going, 17 months and counting, as is the liability.

Defendant Marc Randazza, published false and defamatory statements concerning Plaintiff Cox.  Defendant Marc Randazza published these false and defamatory statements to a third party. Defendant Marc Randazza published false and defamatory statements with seriously negligent, as Defendant Marc Randazza knew that Plaintiff Cox was not on trial for Extortion nor under investigation of extortion.  Defendant Marc Randazza had represented Plaintiff Cox in this manner as her attorney briefly and had spoke, in depth with Plaintiff Cox and received privileged information in the case. Defendant Marc Randazza acted with total disregard for the Truth in publishing false and defamatory statements regarding Plaintiff Cox.

Defendant Defendant David Coursey, **David S. Aman, Forbes Inc., Randazza Legal Group,** and other defendants also published false and defamatory statements concerning Plaintiff Cox to a third party and were negligent.

**Defendant, Reporter Kashmir Hill had a heightened sense of responsibility.**

The evidence to the world that she posted in Forbes to allegedly back up her allegations of Plaintiff Cox being an extortions was an email that she took as fact, painted to be the whole story and Defendant Kashmir Hill completely distorted the facts in order to paint Plaintiff Cox in false light and out to be a criminal guilty of extortion.

As a paralegal, an experienced legal blogger, and someone who worked in a law firm and is experienced in white collar crime, Defendant, Reporter Kashmir Hill could have easily determined the facts of the allegations she was making, stating, implying, and insinuating.

Defendant, Reporter Kashmir Hill could easily note that the private, personal email written by Plaintiff Cox that Defendant Hill posted, was a partial email and not the whole story. She could see that the eMail was sent from a Pro Se Litigant, as the record clearly shows a lawsuit had been filed against Plaintiff Cox with the parties in the email, BEFORE that email was sent.

Defendant, Reporter Kashmir Hill could easily note that the email was missing key elements such as the FACT that the email was a REPLY email from Plaintiff Cox to Defendant David Aman as he was the attorney of record for Defendant Kevin Padrick. This email was a communication between attorneys and a privileged one at that. Yet, in total disregard for the facts of the issue, Defendant Kashmir Hill went ahead and posted false and defamatory statements. Statements in which ruined the life of Plaintiff Crystal Cox, alienated friends and family, ruined business opportunities, caused massive global hate toward Plaintiff Cox, and constant online and in person attacks, ridicule, harassment and beratement.

With her background, Defendant, Reporter Kashmir Hill could easily see that the eMail written by Plaintiff Crystal Cox, in which Defendant Kashmir Hill published in Forbes, was dated January 19th, 2011. The blog post that Plaintiff Crystal Cox was on trial for in Obsidian v. Cox, and the ONLY blog post that the $2.5 Million VERDICT of Obsidian v. Cox was based on, was PUBLISHED on December 25th, 2010, as the record shows.

Therefore the accusations, allegations, and defamatory and false statement of Defendant Kashmir Hill are with BLATANT disregard of the facts. There is no way that an eMail sent 25 days after the "Cause of Action" of a lawsuit, a trial, was a material fact, in any way to why that cause of action may have occurred.

There is no way that the email had anything to do with the blog post, or the reason it was alleged to be defamation, as the eMail was sent 25 days later. This is a fact, and is easily notable to a paralegal, and someone as experienced in legal blogging, and white collar crime as Defendant Kashmir Hill is.

32.  As a paralegal, a legal blogger and a seasoned reporter, Defendant Kashmir Hill would easily note that this email was sent AFTER a 10 Million Dollar lawsuit was filed against Plaintiff Cox, and nearly a month after the blog post Plaintiff Cox was on trial for, and therefore obviously had nothing to do with the material facts of the case. Yet Defendant Kashmir Hill took the word of Defendant Kevin Padrick, and with complete disregard for the truth, published false and defamatory statements regarding Plaintiff Cox in which has cause irreparable damage to Plaintiff Crystal Cox.

Defendant Kashmir Hill posted the false and defamatory statements for shock value, and to ruin the life, business and reputation of Plaintiff Crystal Cox, in retaliation, as she does not want bloggers to have equal rights under the law as journalists. Defendant Kashmir Hill took the stated word of Defendant Marc Randazza and Defendant Kevin Padrick and, in total disregard of the truth, published false and defamatory statements concerning Plaintiff Crystal Cox.

Defendant Kashmir Hill painted Plaintiff Cox in false and defamatory light to a global audience.  Defendant Kashmir Hill made it seem to massive readers that Plaintiff Crystal Cox was a criminal, had extorted someone, and was guilty of extortion.

Defendant Kashmir Hill made it seem as if Anti-Corruption investigative blogger Plaintiff Crystal Cox had reported on alleged corruption in order to later extort those she was reporting on. When there was no factual base to this allegation. Plaintiff Cox had not been on trial for extortion allegations. Plaintiff Cox had not been under investigation for extortion allegations, nor had Plaintiff Cox EVER been convicted of Extortion. Yet Defendant Kashmir Hill has the whole world believing that Defendant Cox is guilty of the crime of extortion, and is thereby not trustworthy.

Defendant Kashmir Hill stated in Forbes Publication that Plaintiff Cox had been under investigation by the Oregon Attorney General and that when this did not "work", Defendant Kevin Padrick filed legal action against Plaintiff Cox.  However, Plaintiff Crystal Cox was never under investigation by the Oregon Attorney General.

33.)  Plaintiff Cox was not reported to the Oregon Attorney General for criminal, civil nor does Plaintiff Cox have any kind of bad review or information reported to the Oregon Department of Justice / Oregon Attorney General.

Under a recent request by  Plaintiff Cox,  Pursuant to the Oregon open records law, ORS 192.410 to 192.505 to the Oregon Attorney General / Oregon Department of Justice, as shown in Exhibit D, Plaintiff Cox was told the following;

"On reviewing your request for records, we do not appear to have anything responsive to your request.  Neither our **consumer protection nor our criminal justice unit** has a record of any complaints or other filings about you.  And we have found no basis to think that the current or former Attorney General had any communications about you with anyone."

Yet Defendant Kashmir Hill stated that the Oregon Attorney General had been notified of Plaintiff Cox's activities, and Defendant Kashmir Hill insinuated that Plaintiff Cox was guilty of extortion, however seeings how the Oregon Attorney General complaint did not work, Defendant Padrick resorted to a lawsuit against Plaintiff Cox. This is false and defamatory, misleading information to the public concerning Plaintiff Cox.

Defendant David Aman sent to Defendant Kevin Padrick, and Defendant Padrick published to third party Defendant Kashmir Hill via an eMail to a high profile reporter, Defendant Kashmir Hill.  Then Defendant Forbes Inc. and Defendant Kashmir Hill, published to yet another third party, the entire world through Forbes Inc.'s trusted brand global media, which was picked up by thousands of other sites and blogs over 17 months and counting.


### The Truth is an affirmative Defense to Allegations of Defamation

There is no way for Defendant Forbes, Defendant Hill, Defendant Randazza to prove that statements, insinuations, or allegations of extortion are true.

Defendant Forbes, Defendant Hill, Defendant Randazza made false and defamatory statements concerning Plaintiff Crystal Cox.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill was negligent in posting the following false and defamatory statement in internationally published Forbes Inc. Publications

Defendant Forbes Inc., Defendant Kashmir Hill's first false and defamatory publication, Dated 7th, 2011, Titled "Why An Investment Firm Was Awarded $2.5 Million After Being Defamed By Blogger"

" Obsidian's tech team found dozens of sites that appeared to have been created by Cox to write about Obsidian, says Padrick, and over 1,900 others that she had created to write about other people and companies. This is not the work of a journalist, but the work of someone intent on destroying reputations."

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill was negligent in reporting that Plaintiff Cox had 1900 blogs that had been created by Cox, and that these sites were used to write about Obsidian and Padrick. Defendant Forbes Inc., Defendant Kashmir Hill was negligent did not fact check this information, nor ask Plaintiff Cox if she had that many sites, and if so what was the purpose of those sites.

Upon the knowledge and Belief of Plaintiff Crystal L. Cox, Defendant Forbes Inc., Defendant Kashmir Hill was negligent discriminated against Crystal Cox and took the word of Attorney, Plaintiff Kevin Padrick, without any investigations into the facts. Defendant Kashmir Hill has an even greater care of duty as she is not only an experienced reporter, and was a legal blogger at AboveTheLaw.com prior to being a Forbes Inc. Reporter, Defendant Kashmir Hill, as a paralegal at Covington & Burling in Washington, D.C., assisting on white collar crime cases.

### Truth is the only defense in allegations of Defamation;

34.  Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that Plaintiff Crystal Cox has been convicted of Extortion,  as Plaintiff Crystal Cox has not been convicted of the crime of extortion, yet Defendant Forbes Inc., Defendant Kashmir Hill, published this allegation world wide and mislead the public at large, Defendant Forbes Inc., Defendant Kashmir Hill is liable for the damage this has caused Plaintiff Crystal Cox.

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that Plaintiff Crystal Cox owned domain names "obsidianfinancialsucks.com." NOR "bankruptcytrustfraud.com" and that Plaintiff Cox published "erratic writing about the firm's allegedly unethical practices" regarding Kevin Padrick and Obsidian on those domain names / sites. It is a fact that Plaintiff Crystal Cox has never owned domain names "obsidianfinancialsucks.com." NOR "bankruptcytrustfraud.com"

Defendant Forbes Inc., Defendant Kashmir Hill cannot prove that "Cox contacted Obsidian and offered them "reputation services." Padrick sent along a copy of an email that Cox sent to his attorney." This is false and misleading, as Plaintiff Crystal Cox replied to an email from Defendant Kevin Padrick's Attorney, Defendant David Aman of Defendant Tonkon Torp. Plaintiff Crystal Cox replied to an email containing a legal threat, and did so acting as her own attorney, in her Pro Se Capacity, that is a FACT. Defendant Forbes Inc., Defendant Kashmir Hill simply took the version of the communication from Defendant Kevin Padrick and did not fact check these allegations nor obtain a copy of the original email in full context, in order to actually paint the true story.


Defendant Forbes Inc., Defendant Kashmir Hill cannot prove this Forbes Inc. published statement { **"After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a defamation case in January 2011,"** }

Yet Defendant Forbes, Defendant Kashmir Hill published this criminal allegation, this false, defamatory and misleading information.  Defendant Hill published this information without any kind of fact checking whatsoever. Defendant Hill took the word of Defendant Kevin Padrick and in breach of duty, breach of duty of care, and negligence did not bother to contact the Oregon Attorney General by phone, email or even through the use of the Oregon open records law, ORS 192.410 to 192.505, which is a simply matter of a quick eMail to the Oregon Department of Justice / the Oregon Attorney General.   And instead, Defendant Kashmir Hill simply published this false and defamatory statement to the public at large, which was picked up by thousands of other online publication. And has caused massive backlash and irreparable damage to Plaintiff Crystal Cox.


It is serious to allege, state, that Plaintiff Crystal Cox had a complaint filed with the Oregon Attorney General by an Oregon Attorney (Kevin D. Padrick), especially without contacting Plaintiff Cox, nor Oregon Officials in order to verify this defaming, harassing, false information that has caused irreparable harm to Plaintiff Crystal Cox, and has caused hate, retaliation, attacks, and constant duress for 17 months and counting. Defendant Forbes Inc., Defendant Kashmir Hill are liable for this damage.


**Obviously, saying that someone is guilty of an offence when they are not is defamatory.**

Even if Defendant Forbes, Defendant Hill, Defendant Randazza, Defendant Jason Jones, and other Defendants argue they did not state Cox was convicted of extortion, they are still guilty of

defamation by Innuendoes.  A statement does need not make a direct criticism in order to be defamatory – a defamatory implication or innuendo is also defamation.

Libel by implication occurs when a defendant (1) juxtaposes a series of facts to as to imply a defamatory connection between them, or (2) creates a defamatory implication even though the particular facts are correct. Toney v. WCCO, 85 F.3d 383 (8th Cir. 1996).

A publication can convey a false and defamatory meaning by omitting or juxtaposing facts, even though all of the individual statements considered in isolation are literally true or non-defamatory. Turner v. KTRK Television, Inc., 38 S.W.3d 103 (Tex. 2000).

Implied defamation occurs when a publication states facts that are literally true, but produces a defamatory meaning apparent from a plain reading of the publication in its entirety. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087 (4th Cir. 1993)

Defendants posted false and defamatory statements regarding Plaintiff Cox to a third party. Defendants are liable for these statements and that harm caused to Plaintiff Cox.

ALL Defendants have "Unprivileged Publications" Status as a matter of law. The false and defamatory statements published to a third party concerning Plaintiff Crystal Cox and Eliot Bernstein are Unprivileged Publications.  Unprivileged Publications are those which falsely claim the plaintiff is guilty of a crime when no crime has been committed.

### Cause of Action 2.)  Malpractice, Personal Injury Due to Malpractice.
**22 USC § 2702 - Malpractice Protection, 10 USC § 1054 - Defense of certain suits arising out of Legal Malpractice.**

35.  Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

Defendant Marc Randazza, Defendant Randazza Legal Group was acting as Plaintiff Cox'a counsel and took privileged information and used this to ruin the life and business of Plaintiff Cox. Defendant Marc Randazza, Defendant Randazza Legal Group knowingly spread false statement to third parties regarding Plaintiff Cox and deliberately caused injury to Cox.  Plaintiff Crystal Cox is entitled to relief.

**Cause of Action 4.)  Civil Conspiracy,  42 USC § 1985 - Conspiracy to interfere with Civil Rights, Title 18, U.S.C., Title 18, U.S.C., Section 241 Conspiracy Against Rights, Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law,**

36.  Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that she was harmed by Defendants acting in conspiracy to discredit her, defame her, pressure her to stop a federal court appeal, ruin her reputation acting together in online publications, speaking with each other and acting in concert and connection to each other to defame Plaintiff Cox and pressure her to stop her appeal in a high profile free speech case.

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that Defendants are responsible for the harm caused to the reputation of Plaintiff's search engine business, investigative blog business and connected contracts and potential jobs, damage to interpersonal relationships and business relationships, inciting hate and affecting her quality of life, putting her under extreme hate and duress.

Upon Knowledge and Belief, Plaintiff Crystal Cox claims that Defendants emailed each other, spoke on the phone and in person and conspired to damage the reputation, business and life of Plaintiff Crystal Cox. And conspired to discredit the merits of Crystal Cox's appeal in order to favor Defendants ongoing Trade, pressure Plaintiff Cox to stop her appeal or take a settlement offer, harass and threaten Plaintiff Cox, pressure Cox to silence her voice online, use these conspired publications to sue Plaintiff Cox and shut down blogs belonging to Plaintiff Cox.

Upon Knowledge and Belief, Defendants were aware that Plaintiff Crystal Cox had not been convicted of Extortion, and had not been under federal or local authorities investigation for the crime of Extortion, yet Defendants knowingly and in conspiracy with each other launched a continually campaign over 17 months and still ongoing, in order to paint Plaintiff Cox out to be guilty of extortion and thereby ensuring that Plaintiff Cox receive no more independent contracts for media related service, no search engine management clients and put Plaintiff Cox under massive pressure to force her to stop her ninth circuit appeal in Obsidian v. Cox.

37.  Upon Knowledge and Belief, Defendants agreed that Plaintiff Cox was guilty of Extortion and that they would paint her out to be an extortionist, based on their own personal agreements of causing such harm and not based on any fact of conviction of Plaintiff Cox of the crime of Extortion.

Defendants are liable for the damage they have caused Plaintiff Cox personally and professionally over the last 17 months, and the irreparable, immeasurable damage their actions will cause for the remainder of Plaintiff's Cox's life.

"As long as two or more persons agree to perform a wrongful act, the law places civil liability for the resulting damages on all of them, regardless of whether they actually commit the tort themselves. 'The effect of charging . . . conspiratorial conduct is to implicate all . . . who agree to the plan to commit the wrong as well as those who actually carry it out.' " (*Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773, 784 [157 Cal.Rptr. 392, 598 P.2d 45], internal citations omitted.)

"The elements of a civil conspiracy are '(1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting.' " (*Mosier v. Southern California Physicians Insurance Exchange* (1998) 63 Cal.App.4th 1022, 1048 [74 Cal.Rptr.2d 550], internal citations omitted.)

Defendants have engaged in conspiracy to harm Plaintiff Cox.


## Cause of Action 5.) Duty of Care; Breach of Duty, Negligence Tort, Professional Negligence

36. Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

Defendants have violated Breach of Care in publishing false and defamatory statements regarding Plaintiff Cox without researching the facts of those statement prior to publishing. And by continuing 17 months and counting to publish.

Defendants owed Plaintiff a duty of care, before publishing  false and defamatory statements concerning Plaintiff Cox in which ruined her business, reputation and caused her immeasurable, irreparable damage.

Media Defendants, Blog Owner Defendants, WIPO Defendants, Newsgathering Defendants owed a duty of care to Plaintiff Cox regarding statement that Cox was guilty of extortion, had a blog about a toddler and was under investigation by the Oregon Attorney General. This statements are easily researched as to their truth, yet defendants recklessly posted  false and defamatory statements concerning Plaintiff Cox and thereby caused immeasurable, irreparable damage.

The skill level of Defendants as fraud investigators, attorneys, paralegals, seasoned reporters increases the duty of care owed to Plaintiff in this matter.

Defendant are specialists in tort law and media law, defendants are held to the standard of care of a specialist. (Wright v. Williams (1975) 47 Cal.App.3d 802, 810 [121 Cal.Rptr. 194].)

Defendants have been negligent in their reporting on Plaintiff Cox. Defendants have been negligent in publishing false and defamatory statements worldwide.

It is not reasonable conduct to state that Plaintiff Cox is guilty of the crime of extortion or that Plaintiff Cox was involved in case, trials, or investigations of extortion, when this is not fact.

37.   Defendants were negligent in obtaining easily researched facts, and instead negligently posted false and defamatory statement regarding Plaintiff Cox being guilty of the crime of extortion and of having a blog about a toddler in which she attacked this child. Neither of which has any factual prove as neither are true, and are therefore defamatory.

Defendants negligence has caused Plaintiff Cox loss of business, massive duress from hate and attacks, retaliation, reposting of these false and defamatory statements in mass and has ruined the reputation of Plaintiff Cox.

Defendant Jason Jones of Salty Droid did not research the false and defamatory statement concerning Plaintiff Cox, he simply reposted these statements and this is NOT a defense in defamation law.

Defendants Bob Garfield simply went on the word of Defendant Marc Randazza and did not research the defamatory statements. Defendant David Carr re-posted the statements without researching their merits as did other Defendants in this case.

Defendants have no Defense as the facts are plain and simple. Plaintiff did not post any words regarding a toddler and Plaintiff was never convicted of the crime of Extortion, nor was Plaintiff Investigated by the Oregon Attorney General.

Defendants failed to exhibit a reasonable level of care, and injury, harm, was thereby caused to Plaintiff Cox.

## Cause of Action 6.) 18 USC § 1512 - Tampering with a witness, victim, or an informant

38.  Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

Defendants have tampered with Plaintiff Cox in her prior case and with her sources, and witnesses.

## Cause of Action 7.)   Tortious Interference with Business,  Violation of Civil Rights (42 USC §1983 Cases)

39.  Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

 Title 11 of United States Code, 11 U.S.C. §101-1330, All Laws applying to Tortious Interference.   Interference with Plaintiff's Prospective Business Advantage

Defendants have Tortiously Interfered with the business prospects, contracts, online marketing and more business opportunity of Plaintiff Cox.

Plaintiff Crystal L. Cox re-allege and incorporate the preceding paragraphs in their entirety.

Defendant have Violated Tortious Interference Laws and have interfered tortiously with the business, future business, clients, customers, buyers of Plaintiff Crystal Cox's products and services.

Defendant have Tortiously Interfered with Plaintiff Cox getting clients and business by accusing her of criminal activity and being guilty of a crime. Plaintiff Crystal L. Cox is not guilty of, was not on trial for, nor ever had a criminal complaint in regard to extortion, yet Defendants have painted Cox in false light as guilty of the crime of extortion.

Defendant Marc Randazza and Co-Conspirators and Defendants have maliciously lied about Plaintiff, painted her in false light, defamed her, mobbed her online, threatened her and attacked her in this public accusation of committing a crime.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally.

Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

Defendant are guilty of Tortious Interference.

Defendant have painted Plaintiff Cox in false light. There is a now a public image that Plaintiff Crystal L. Cox makes money by extortionary methods, of which there is no proof of Cox ever having this stated business model, scheme or criminal activity.

Defendant are guilty of Tortious Interference with the business advantage of Plaintiff Cox.

### Interference with Plaintiff's Prospective Business Advantage

40.   Plaintiff Crystal L. Cox re-allege and fully incorporate the preceding paragraphs.

Defendants have Interfered with Plaintiff's Prospective Business Advantage.

Plaintiff Crystal L. Cox has suffered irreparable damage personally and professionally. Wherefore, Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.

By painting Plaintiff Crystal L. Cox in false light, defaming her, accusing her of Extortion of which there is no prosecution or trial record of, Defendant have Interfered with Plaintiff Cox's Prospective Business Advantage.


## Cause of Action 8.)  Anti-Trust Laws, Competition Laws, the Sherman Act, Clayton Act, Antitrust Procedures and Penalties Act ("APPA" or "Tunney Act")

41.  Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;


Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants of this complaint and John and Jane Doe

Defendants, have engaged in activity that violate Anti-Trust Laws, "competition laws", and violates the Sherman Antitrust Act and Section 3 of the Clayton Act.

Plaintiff alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO are engaged in a civil conspiracy to discredit, defame, threaten, pressure a blogger that is representative of all independent media, free press, citizen journalists, whistleblowers, and online media sources that are not owned by large corporations and associated press media companies such as Defendant Forbes and Defendant New York Times.

Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants have engaged in activities in which attempt to disqualify new media such as blogs as a viable source of news competing with their massive news corporations that have held such a long standing stronghold.

Plaintiff Crystal Cox alleges that Defendant Forbes, Defendant New York Times, and Defendant WIPO along with other Defendants have engaged in activities that paint Plaintiff Crystal Cox out to be a criminal and one who attacks "toddlers" online and therefore is not media, is not a journalist and is not protected under the constitution or the laws that protect traditional journalists such Defendant Kashmir Hill of Forbes and Defendant David Carr of the New York Times.

Defendants combined actions, in civil conspiracy, have effectively shut down Plaintiff's online media business in a way of potential and promised revenue, and ad dollars.

Defendant's have ruined the reputation of Plaintiff Cox as an investigative blogger and search engine manager. Plaintiff thereby lost revenue and future jobs with those she had been under prior independent media contract with. And Plaintiff Cox was denied future jobs of which Plaintiff was working toward, and also Plaintiff lost immeasurable business that Plaintiff would have secured over the life of her business.

The actions of Defendants have caused irreparable harm to Plaintiff Crystal Cox. And have violated anti-trust laws in wiping out competition of blogs as media equal in law and rights as "Big Media" such as Defendant Forbes and Defendant New York Times.

Defendants created a media storm in what is deemed as reputable publications such as Forbes, the New York Times, and WIPO, in which painted Plaintiff out to be a criminal guilty of the crime of extortion. Defendants flat out stated that Plaintiff was guilty of extortion, had committed extortion. There is no fact in this accusation and it directly caused contracts to cease, future business to come to a halt and hate and retaliation to ignite.

Defendant Forbes, the Defendant New York Times, and Defendant WIPO are major corporations, organizations and powerful entities. Plaintiff Cox alleges that they, along with other Defendants of this complaint and John and Jane Doe Defendants, have engaged in activity that violates Anti-Trust Laws, "competition laws", and violates the Sherman Antitrust Act and Section 3 of the Clayton Act.

Defendants have all engaged in Anti-Competative behavior in which has harmed Plaintiff.

### Cause of Action 9.)   18:1964, Racketeering (RICO) Act /  27:1332ri, Racketeering / Corrupt Organization

**RICO US Code Title 18, USAM 9-110.000 Organized Crime and Racketeering Violations of RICO, 18 U.S.C. 1962(c)), and Conspiracy to Violate RICO, Violation of 18 U.S.C. 1962 (d))**

Plaintiff Re-Alleges and fully incorporates all Preceding Paragraphs, including all Preceding Paragraphs in original complaint.  Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

Upon knowledge and belief Defendants Marc J. Randazza have violated Federal Rules of Civil Procedure 18 U.S.C. § 1961 through 1968, Federal Rules of Civil Procedure 18 U.S.C. §§ 1962(a),(b),(c), and/or (d) and have engaged in scams, conspiracy to steal intellectual property through fraudulent legal action and misinformation to the courts and to WIPO. I, Crystal L. Cox, Plaintiff, Pro Se Plaintiff believe that Defendant Marc J. Randazza and his Clients, Co-Conspirators, Defendants have conspired to intimidate, pressure, harass and threaten sources, insiders, whistleblowers in order to silence me, Investigative Blogger Crystal L. Cox, Plaintiff,.

# **Claim of Relief**

42.  Plaintiff Crystal L. Cox re-alleges and incorporates all of the previous paragraphs in their entirety.

False and Defamatory Statements were, without a doubt, made by Defendants to a Third Party Concerning Plaintiff Crystal Cox and have caused Plaintiff Crystal Cox harm. Therefore Plaintiff Cox is entitled to recovery.

   **Plaintiff Crystal L. Cox Requests a judgment against Each Defendant for actual and punitive damages, and all other relief allowable under the law and federal court rules.**

Plaintiff Crystal L. Cox seeks relief of **10 Million Dollars** in Damages EACH from Defendants

WHEREFORE, Plaintiff pray for judgment against Defendants as follows:

A. Finding in favor of plaintiff on their claim for relief;

B. Awarding plaintiff damages against defendants in the amount as stated above.

C. Awarding plaintiff their cost and disbursements incurred in this action;

D. Permanently enjoining defendants from publishing false and defamatory statements concerning plaintiff.

E. Granting such other and further relief as the Court finds just or equitable.

**Plaintiff Crystal Cox has been immeasurably, irreparably damaged by the false and defamatory statements published to a third party concerning Plaintiff Cox, by Defendants.**

Plaintiff Cox has suffered harm to her intellectual property.

Plaintiff Cox has suffered  immeasurably, irreparable damage to her business, trade, profession, and occupation.

Plaintiff Cox has suffered loss of earning capacity.



Plaintiff Cox has suffered harm to her personal reputation, professional reputation and business reputation.

Plaintiff Cox has suffered harm to her personal relationships, state of mind and quality of life.

Plaintiff Cox is entitled to receive reasonable compensation for harm to reputation, humiliation, or mental suffering, even if plaintiff does not present evidence that proves actual damages. This is because the law presumes that the plaintiff suffered these damages.

Therefore Plaintiff Cox is entitled to all recover, compensation, and relief deemed appropriate and allowed by law.

**Certificate of Service:**

I hereby certify that I served the foregoing on May 28th, 2013

Mailed to:

**Sandra Day O'Connor U.S. Courthouse**
**401 W. Washington Street, Suite 130, SPC 1**
**Phoenix, AZ 85003-2118**

Submitted Respectfully by

Pro Se Plaintiff
Crystal L. Cox
**(406) 624-9510**
PO Box 2027
Port Townsend, WA 98368
Crystal@CrystalCox.com

Crystal@CrystalCox.com