**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Crystal L. Cox, ) | |
| ) | |
| Plaintiff, ) | CIV 13-00962 PHX MEA |
| ) | |
| v. ) | ORDER |
| ) | |
| Bob Parsons Godaddy, Godaddy ) Incorporated, Peter L. ) Michaelson, World Intellectual ) Property Organization, ) Francis Gurry, Eric Wilbers, ) Edward Kwakwa, Kashmir Hill, ) Forbes Inc., Kevin D. Padrick, ) David S. Aman, Steven Wilker, ) Tonkon Torp Law Firm, Randazza ) Legal Group, Marc J. Randazza, ) David Coursey, Bob Garfield, ) New York Public Radio, David ) Carr, New York Times, Tracy L. ) Coenen, Sequence Incorporated, ) Mulvihill and Rushie LLC, ) Jordan Rushie, Jason M. Jones, ) Multnomah County Sheriff Office) Daniel Staton, Marshall Ross, ) Roxanne Grimage, Gloria Navarro) Stephen Lamont, Proskauer Rose,) Kenneth Rubenstein, Douglas ) Melamed, Steven R. Rodgers, ) Warner Bros, Ronald Green, ) ) Defendants. ) _____ ) | |

Plaintiff, proceeding *pro se,* filed a complaint in this Court on May 8, 2013.  Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. 2) and a motion to file electronically (Doc. 4).  On May 16, 2013, the Court denied the motion to

proceed *in forma pauperis* and dismissed the complaint with leave to amend.

On May 17, 2013, Plaintiff filed a motion to electronically file her pleadings (Doc. 11), a motion to proceed *in forma pauperis* (Doc. 12), and on June 3, 2013, an amended complaint (Doc. 13).

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The Court may exercise its discretion to dismiss an action pursuant to section 1915(d) if it is "frivolous or malicious," i.e., the claims have no arguable basis in law and fact. See, e.g., Mayfield v. Collins, 918 F.2d 560, 561 (5th Cir. 1990).  Under the liberal rules applicable to *pro se* complaints, an action is frivolous if the plaintiff cannot make a rational argument on the law and facts in support of her claim.  See Van Sickle v. Holloway, 791 F.2d 1431, 1434 (10th Cir. 1988); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981).  Even *pro se* pleadings must contain a minimum level of factual support and a plaintiff should not be allowed to proceed *in forma pauperis* if her complaint is so lacking in specific facts the Court must invent

-2-

1 a factual scenarios not evident from the face of the complaint.
2 See Richmond v. Cagle, 920 F. Supp. 955, 957 (E.D. Wis. 1996).
3          To state a cognizable claim against the named
4 defendant, a plaintiff must allege a specific injury resulting
5 from specific conduct of a defendant amenable to suit. Cf.
6 Romero v. Fay, 45 F.3d 1472, 1475 (10th Cir. 1995) (so holding
7 in the context of a civil rights claim). A complaint containing
8 a statement of facts that merely creates a suspicion of a
9 legally cognizable right of action is insufficient. See Bell
10 Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct.
11 1955, 1965 (2007). To properly state a claim for relief, the
12 factual allegations of a complaint must be enough to raise a
13 right to relief above the level of speculation, i.e., the facts
14 must state a legal claim to relief that is plausible from the
15 facts asserted. Id., 550 U.S. at 556-57, 127 S. Ct. at 196-66.
16          To state a section 1983 claim, the plaintiff must
17 allege facts showing a "person," acting under color of state
18 law, deprived the plaintiff of a right, privilege, or immunity
19 secured by the United States Constitution. See, e.g., West v.
20 Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254 (1988);
21 Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th
22 Cir. 1988).
23          The district courts have no obligation to act as
24 counsel to *pro se* litigants. See Pliler v. Ford, 542 U.S. 225,
25 231, 124 S. Ct. 2441, 2446 (2004); Lopez v. Smith, 203 F.3d
26 1122, 1131 (9th Cir. 2000). However, dismissal of a *pro se*
27 complaint without leave to amend is disfavored. Accordingly,
28                                    -3-

the Court previously gave Plaintiff the opportunity to amend her complaint to make clear her specific allegations against each separate defendant in short, plain statements.  The Court advised Plaintiff:

> *In the amended complaint, to assert a section 1983 claim Plaintiff must clearly state the source of the rights she believes were violated and a defendant amenable to a section 1983 suit.*  Any amended complaint must conform to the requirements of Rule 8(a) and (e)(1) of the Federal Rules of Civil Procedure.

The prior complaint was 153 pages in length, and the amended complaint is 33 pages in length.  The amended complaint is not in the proper form, and names as defendants:

> David S Aman, David Carr, Tracy L Coenen, David Coursey, Forbes Incorporated, Bob Garfield, Bob Parsons Godaddy, Godaddy Incorporated, Ronald Green, Roxanne Grinage, Francis Gurry, Kashmir Hill, Jason M Jones, Edward Kwakwa, Stephen Lamont, Douglas Melamed, Peter L Michaelson, Multnomah County Sheriff Office, Mulvihill and Rushie LLC, Gloria Navarro, New York Public Radio, New York Times, Kevin D Padrick, Marc J Randazza, Randazza Legal Group, Steven R Rodgers, Marshall Ross, Kenneth Rubenstein, Jordan Rushie, Sequence Incorporated, Daniel Staton, Tonkon Torp Law Firm, Unknown Parties, Warner Bros, Eric Wilbers, Steven Wilker, World Intellectual Property Organization, Jessica Griffith, Michael Whiteacre, Greenberg Traurig LLP, Gregg Mashberg, Joseph Lecesse, Jenifer DeWolf Paine, J Malcom DeVoy, Sean M Tompkins, Unknown Manwin, Mark Bennett, Bennett Law Firm, Scott H Greenfield, Eric Turkewitz, Turkewitz Law Firm, Ellie Mystal, Breaking Media Inc, Sean Boushie, University of Montana, Martin Cain, Dylan Energy, Steve Dowling, Bruce Sewell, Douglas D Chey, Mark Vena, David Wang, Synaptics, Free Speech Coalition, Diana Duke and Marco Hernandez

Some individual defendants are named "personally and professionally." Plaintiff vaguely identifies some acts by some defendants which she asserts defamed her, but there are no specific allegations, including dates on which any event occurred, against many named defendants. Plaintiff mentions section 1983, but does not assert any fact, which if taken as true, establishes that any named defendant acted "under color of state law."

Plaintiff alludes to federal jurisdiction over her claims because, she asserts, defamation is a violation of her constitutional rights. Plaintiff states that the "nature" of her lawsuit is one for "Defamation/Libel/Slander", involving civil conspiracy, malpractice, racketeering, and witness-tampering. Plaintiff also alludes to "causes of action" for racketeering and violation of section 1983. The amended complaint seeks damages in the amount of ten million dollars from each defendant without explanation.

Because the complaint does not properly state a claim for relief over which the United States District Court for the District of Arizona has jurisdiction, regardless of whether Plaintiff has met the standard for proceeding *in forma pauperis*, the Court is within its discretion in denying her *in forma pauperis* status and dismissing the complaint without prejudice. See O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Bennett v. State of Calif., 406 F.2d 36, 39 (9th Cir. 1969); Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 816 (10th Cir. 1981); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir.

1998).

**THEREFORE, it is ordered** that Plaintiff's Motion to Proceed in Forma Pauperis (Doc. 12) and her motion for leave to file electronically (Doc. 11) are both **denied.**

**IT IS FURTHER ORDERED that** the Amended Complaint is **dismissed without prejudice to any legitimate claims stated therein, which are not properly filed in the United States District Court for the District of Arizona**.

DATED this 17th day of June, 2013.

_____
Mark E. Aspey
United States Magistrate Judge

-6-